IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

APRIL CANTLEY, et al.,

        *Plaintiffs*,

v.

                                       Case No. 2:24-cv-02071-EFM-BGS

JACOBSON HOLDINGS, INC., et al.,

        *Defendants*.

**MEMORANDUM AND ORDER**

Before the Court is Defendants Jacobson Holdings, Inc. ("Jacobson")'s and TAFS, Inc. ("TAFS")'s Motion to Dismiss (Doc. 5) each of Plaintiffs' 349 claims. For the most part, each of the 42 Plaintiffs assert nine separate counts against Defendants.[1] Defendants object to these claims, primarily arguing that Plaintiffs' Complaint is an impermissible "shotgun" pleading violative of Federal Rule of Civil Procedure 8(a)(2). The Court agrees with Defendants that Plaintiffs' Complaint is a "shotgun pleading" for the purposes of Rule 8(a)(2), and thus, the Court dismisses the Complaint in its entirety without prejudice. Furthermore, because Plaintiffs' request for leave to amend fails to comply with this Court's local rules or the Tenth Circuit's interpretation of Rule 15, the Court likewise denies Plaintiffs' request for leave to amend without prejudice.

---

[1] Count I is the notable exception, with only 13 Plaintiffs asserting it against Defendants.

## I. Factual and Procedural Background[2]

The 42 Plaintiffs in this case are either trucking businesses or those businesses' owners or representatives. Defendants provide factoring for the trucking companies, a service in the trucking industry whereby Defendants collect payments from clients on behalf of Plaintiffs. In this capacity, Defendants have allegedly defrauded Plaintiffs, forced them into unconscionable contracts, and prevented Plaintiffs from obtaining factoring services elsewhere.

However, the issues underlying Defendants' present Motion arise not from the background facts but from Complaint's format and organization. In its first 27 pages, the Complaint sets out background facts, painting Defendants' conduct in broad strokes without tying facts to any particular Plaintiff. Plaintiffs then allege the nine counts by reciting the elements of each claim, once again failing to tie any specific facts regarding any specific plaintiff to any specific count. Finally, Plaintiffs fill out the last 69 pages of their Complaint with self-titled "Exhibits." While these Exhibits—20 in total—contain additional factual allegations individualized to each Plaintiff, they do not refer to any specific count as alleged in the body of Plaintiff's Complaint.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to

---

[2] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited and are considered true for the purposes of this Order.

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9]

### III.  Analysis

**A.  Plaintiffs' Complaint violates Rule 8(a)(2) and is dismissed without prejudice.**

Defendants move to dismiss Plaintiffs' entire Complaint, arguing that it violates Rule 8(a)(2). Rule 8(a)(2) requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In determining whether a complaint satisfies Rule 8(a)(2), "[t]he law recognizes a significant difference between notice pleading and 'shotgun' pleading."[10] By way of definition, a shotgun pleading "is a type of pleading that contains several counts or causes of action, each of which incorporates by reference the entirety of its predecessors."[11] Practically speaking, "[t]he shotgun pleader foists off one of the pleading

---

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989).

[11] *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am. Inc.*, 2018 WL 6790307, at *1 (D. Colo. Nov. 28, 2018) (further citation and quotations omitted).

lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader."[12] The Tenth Circuit has made clear that "shotgun pleadings" are impermissible.[13]

For example, in *Glenn v. First National Bank in Grand Junction*,[14] the plaintiffs restricted their factual allegations to several introductory paragraphs and then alleged a RICO claim without referencing any specific factual allegations.[15] With approval, the Tenth Circuit affirmed the district court's conclusion that the plaintiffs' complaint was a shotgun pleading.[16] The Tenth Circuit specifically endorsed the district judge's resolution that "he was not going to do [plaintiffs]' work for them to connect assertions with elements of all sections of the RICO law."[17]

The Tenth Circuit has since reaffirmed that a district court need not "search through the several paragraphs of the plaintiffs' 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of the [claim] to determine if the complaint states a claim for relief." [18] "Nor are defendants required to 'piece' together the plaintiffs' complaint."[19]

It is not often that this Court sees a single complaint with 42 named plaintiffs. The reasons are obvious. Alleging that many claims with separate facts relating to each plaintiff would result in a monster-sized complaint, an organizational nightmare, or—if unartfully pled—an impermissible pleading. In the present case, Plaintiffs' Complaint results in all three.

---

[12] *Id.* (further citation and quotations omitted).

[13] *Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015); *Glenn*, 868 F.2d at 371; *see also Orchestrate HR, Inc. v. Blue Cross Blue Shield Kan.*, 2021 WL 1238254, at *3 (D. Kan. Apr. 2, 2021).

[14] 868 F.2d 368 (10th Cir. 1989).

[15] *Id.* at 371.

[16] *Id.*

[17] *Id.*

[18] *Hart*, 605 F. App'x at 701 (further citation and quotations omitted).

[19] *Id.* (further citation and quotations omitted).

Here, Plaintiffs' Complaint does exactly what the Tenth Circuit interpreting Rule 8(a)(2) prohibits. Plaintiffs restrict their factual allegations to the first 27 pages of the Complaint and the final 69 pages of "Exhibits." Within the section of the Complaint containing the enumerated Counts, Plaintiffs merely list the elements of each claim and the legal conclusion that the element has been met in this case. As it stands, the task of determining which facts support which counts falls wholly to the Court. This is a job made considerably more daunting by the fact that *42 Plaintiffs allege a total of 349 counts* in a single Complaint.

To be sure, Rule 10(c) allows the adoption by reference of previous statements. But "[j]udges are not like pigs, hunting for truffles buried in briefs"[20]—or pleadings, for that matter. By structuring their Complaint so as to shift the burden of piecing together the facts and the claims onto the Court and Defendants, Plaintiffs violate the basic requirement of Rule 8(a)(2). The Court concludes that as pleaded, Plaintiffs' Complaint is a "shotgun pleading." Thus, it must be dismissed pursuant to Rule 12(b)(6).

**B.     Plaintiffs' request for amendment is denied without prejudice.**

In their Response to Defendants' Motion, Plaintiffs ask this Court for an opportunity to amend their Complaint should the Court agree with Defendants. But Plaintiffs do not attach a proposed amended complaint nor specify what changes they propose to make. Rather, it is simply a conditional request that in essence asks the Court to give them a second chance if the current Complaint is lacking.

The Tenth Circuit has stated on numerous occasions that a "bare request in response to a motion to dismiss that leave be given to amend the complaint is insufficient."[21] It has soundly

---

[20] *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

[21] *Sullivan v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 43, 52 (10th Cir. 2021) (cleaned up) (further citations omitted).

rejected granting leave to amend where a plaintiff "simply made perfunctory, conditional requests in his responses to the motions to dismiss that he be allowed to amend if the court found his allegations deficient."[22]  Moreover, under this Court's local rules, a party filing a motion to amend must:

> (1) set forth a concise statement of the amendment or leave sought;
> (2) attach the proposed pleading or other document; and
> (3) in the case of a proposed amended pleading, a non-pro se filer must also attach a redlined version of the proposed amendment that shows all proposed changes to the pleading; and
> (4) comply with the other requirements of D. Kan. Rule 7.1.[23]

Plaintiffs' naked request—made without any heed for either this Court's local rules or the Tenth Circuit's requirements—is wholly insufficient to grant leave to amend.  Therefore, the Court denies Plaintiffs' request without prejudice, should they wish to follow proper procedure in the future.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2024.

This case is closed.

*[signature]*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *Id.* at 52.

[23] D. Kan. R. 15.1(a).